**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**


WILLIAM HENCELY DAVIS, JR.,   )
                                  )
          Petitioner, pro se,   )
                                  )
      v.                       )
                                  )        1:04cv517
D.G. WOOD, Supt.,           )
Scotland Correctional Inst.,   )
                                  )
          Respondent.   )

## <u>RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE</u>

This matter is before the court on Petitioner's Motion to Amend his Rule 60 motion (docket no. 56). Since the parties have not consented to the jurisdiction of a magistrate judge, I must deal with the motion by way of recommendation. For the following reasons, it will be recommended that the district court deny the motion to amend as well as the underlying Rule 60 motion (docket no. 55) because this court lacks jurisdiction to consider the Rule 60 motion.

Petitioner is a state court prisoner who was convicted by a jury in Caswell County Superior Court of two counts of first-degree sexual offense. Petitioner's conviction and sentence were affirmed on direct appeal, and the North Carolina Supreme Court denied certiorari review. Petitioner then filed a motion for appropriate relief ("MAR") and an amended MAR, both of which were denied, and the court of appeals subsequently denied review. On June 6, 2004, Petitioner filed

a § 2254 action in this court. On December 22, 2004, the undersigned recommended that the court grant Respondent's motion for summary judgment and dismiss the petition. On February 25, 2005, the court adopted the recommendation of the undersigned. On September 1, 2005, the Fourth Circuit denied a certificate of appealability from that ruling and dismissed the appeal. On February 28, 2006, Petitioner filed a Rule 60 motion for relief in this court, seeking relief from the court's earlier order of February 25, 2005, denying his § 2254 petition.[1] On April 5, 2006, Petitioner filed a motion to amend the Rule 60 motion, and the motion to amend is currently pending before the undersigned.

**Analysis**

The issue before the court is whether Petitioner's underlying motion is actually one brought pursuant to Rule 60(b) or whether, in reality, the motion is a successive § 2254 petition subject to the certification rule set forth in § 2244(b)(3)(A). As amended by the AEDPA [Antiterrorism and Effective Death Penalty Act], § 2254 bars successive applications unless they contain claims relying on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim, if proven and viewed in light of the evidence as a whole,

---

[1] Rule 60(b) provides in pertinent part: "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for . . . any . . . reason justifying relief from the operation of the judgment." FED. R. CIV. PROC. 60(b).

would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. *See* 28 U.S.C. § 2244(b)(2). Furthermore, before a second or successive application is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims. *United States v. Winestock*, 340 F.3d 200, 204-05 (4ᵗʰ Cir. 2003). The United States Supreme Court recently observed in *Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005), that whether a Rule 60(b) motion is properly considered a successive § 2254 petition hinges on whether the arguments presented in the motion constitute a claim, as the term claim is used in § 2244(b).[2] The Court further stated that a petitioner brings a "claim" as that term is used in § 2244(b) when his motion "attacks the federal court's previous resolution of a claim on the merits." *Id.* at 2648.

Here, as previously noted, Petitioner has already filed one § 2254 petition in this court challenging his underlying conviction. This court denied that petition on

---

[2] The Court explained in *Gonzalez* that AEDPA did not expressly circumscribe the operation of Rule 60(b). The Court further noted, however, that the new habeas restrictions introduced by AEDPA are made indirectly relevant by the fact that Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only "to the extent that [it is] not inconsistent with" applicable federal statutory provisions and rules. *Id.* at 2648 (citing 28 U.S.C. § 2254 Rule 11 and FED. R. CIV. PROC. 81(a)(2)).

-3-

its merits, and the Fourth Circuit denied a certificate of appealability from that ruling and dismissed the appeal. Although styled as a Rule 60(b) motion, the motion now pending before the court is in reality a successive motion pursuant to § 2254 because Petitioner clearly attacks this court's previous resolution of his habeas claims on the merits. Indeed, in his pending motion to amend, Petitioner himself identifies his motion as a Rule 60 motion or, alternatively, as a § 2254 petition. The district court, therefore, has no jurisdiction to entertain the motion, or the accompanying motion to amend, unless and until the Rule 60 motion has first been certified by a panel of this circuit's court of appeals. *Accord Winestock*, 340 F.3d at 205 ("As a result of these modifications, a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals."). Here, there is nothing in the record to indicate that a panel of this circuit's court of appeals has certified Petitioner's motion. Furthermore, the pending motion to amend does not alter the Rule 60 motion's designation as a successive petition. Although the motion to amend is fragmented and almost unintelligible, it is nevertheless clear that any proposed amendments to the Rule 60 motion will not alter the Rule 60 motion as an attack on this court's previous resolution of Petitioner's § 2254 claims on the merits.

## Conclusion

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to amend his Rule 60 motion (docket no. 56) be **DENIED** because the court lacks jurisdiction over

-4-

the motion.  It is **FURTHER RECOMMENDED** that Petitioner's underlying motion

pursuant to Federal Rule of Civil Procedure 60 (docket no. 55) also be **DENIED** for

lack of jurisdiction.

_____

Wallace W. Dixon
United States Magistrate Judge

April 17, 2006